UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

OLIVER E LEVITT, an individual,

    Plaintiff,

v.                                                                             Case No: 2:18-cv-36-FtM-99MRM

MARTI IOVINE, ANGELA J PRUITT,
GREGORY K. ADKINS and THE
SCHOOL DISTRICT OF LEE
COUNTY,

    Defendants.
_____/

## **ORDER**[1]

This matter comes before the Court on Defendants' Motion to Dismiss Second Amended Complaint (Doc. 37) filed on October 1, 2018. Plaintiff filed a Response in Opposition on October 15, 2018. (Doc. 38). The Court notes that the Second Amended Complaint is a shotgun pleading and will allow Plaintiff to amend before ruling on the merits of the dispute.

This is a 42 U.S.C. § 1983 action coupled with two state law claims for breach of contract and defamation. (Doc. 34). Plaintiff, a former employee of Defendants, alleges that he was retaliated against by Defendants because he spoke out for union interests,

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

including safety, at Success Academy, which is operated by the School District of Lee County. (*Id.*) When examining the Second Amended Complaint, the Court observed that it incorporates each preceding paragraph into each count instead of limiting the scope of incorporation to that of the alleged facts. In so doing, Plaintiff has lodged what is known as a shotgun pleading.[2] *Wagner v First Horizon Pharmaceutical Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006).

In general, shotgun pleadings "are those that incorporate every antecedent allegation by reference into each subsequent claim for relief or affirmative defense." *Id.* The result is that the last count eventually constitutes a combination of the entire pleading. *See Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313 (11th Cir. 2015) (noting that a court, acting on its own initiative may *sua sponte* review a complaint and strike shotgun pleadings to replead).

> [I]f tolerated, [shotgun pleadings] harm the court by impeding its ability to administer justice. The time a court spends managing litigation framed by shotgun pleadings should be devoted to other cases waiting to be heard. Wasting scarce judicial and parajudicial resources impedes the due administration of justice and, in a very real sense, amounts to obstruction of justice.

*Byrne v Nezhat*, 261 F.3d 1075 (11th Cir. 2001) *abrogated on other grounds by Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639 (2008) (internal punctuation omitted). Consequently, the Eleventh Circuit has "roundly, repeatedly, and consistently condemn[ed]" them. *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979 (11th Cir. 2008). When faced with a shotgun complaint, the Eleventh Circuit encourages

---

[2] The Court notes that neither of the prior iterations of the Complaint (Doc. 1; Doc. 23) incorporated each preceding paragraph into each count.

"courts to demand repleading." *Bailey v. Janssen Pharmaceutica, Inc.*, 288 F. App'x 597, 603 (11th Cir. 2008) (citations omitted).

The Court will not break step with the Eleventh Circuit. Because Plaintiff has failed to identify the facts relevant to each claim, the Second Amended Complaint is deficient. Thus, it must be dismissed.

Accordingly, it is now

**ORDERED:**

1. Plaintiff's Second Amended Complaint (Doc. 34) is **dismissed without prejudice**.

2. Defendants' Motion to Dismiss Second Amended Complaint (Doc. 37) is **denied as moot**.

3. Plaintiff may file a Third Amended Complaint on or before **November 21, 2018. Failure to do so will result in this case being dismissed with prejudice.**

**DONE** and **ORDERED** in Fort Myers, Florida this 6th day of November, 2018.

*/s/ Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record